IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | | |
|---|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>        Plaintiff,<br><br>vs.<br><br>NUNZIO BRUNO,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.  2:12-CV-00058 BSJ<br><br>**MEMORANDUM OPINION<br>& ORDER** |

<table>
<tr><td>

**FILED**

CLERK, U.S. DISTRICT COURT
November 25, 2013 (1:25pm)
DISTRICT OF UTAH

</td></tr>
</table>

* * * * * * * * *

The parties have filed a series of motions in this case, including cross-motions for summary judgment.[1]  The summary judgment motions were heard on October 7, 2013, at which time this court granted the plaintiff's motion and denied the defendant's motion.[2]

On that same day, defendant Bruno filed a "Motion for Reconsideration to Appear via Telephonically (CM/ECF No. 54), and a "Motion for Judge Jenkins to Recuse/Disqualify Himself from Ruling on Summary Judgment of Nunzio Bruno Due to Self Servinf Receiver Appointment and the Appearane of Bias and Prejudice by Abuse of Descretion and Affidavit of Disqualification" (CM/ECF No. 55), both of which take issue with this court's September 23rd Order denying Bruno's "Request to Appear via Telephonically," filed on September 10, 2013

---

[1](*See* Defendant's Motion for Summary Judgment for Failure of Receiver to Comply with 28 U.S.C. § 754, filed July 15, 2013 (CM/ECF No. 34); Plaintiff's Motion for Summary Judgment and Memorandum in Support, filed August 8, 2013 (CM/ECF No. 39).)

[2](*See* Minute Entry, dated October 7, 2013 (CM/ECF No. 53).)  Those motions are the subject of separate Findings of Fact & Conclusions of Law and Order.

(CM/ECF No. 46).[3]  Bruno's September 10th request pointed to considerations of distance and

burdensome travel expense, and indeed, argued that

> [t]here is no need for Defendant in Error to appear in person since there is no issue
> to argue as to whether Plaintiff fully complied with Title 28 U.S.C. § 754 or not.
> Plaintiff has already stipulated on the record that he failed to file after each
> appointment citing only one appointment which he filed and subsequently
> terminated.  Therefore, since there is nothing to debate other than what the record
> shows, there is no need for Defendant in Error to appear in person, it only remains
> that the Honorable Judge Jenkins review the record, note the default by Plaintiff
> and grant Summary Judgment to Defendant in Error and/or dismiss this case.[4]

Moreover, Bruno cited to no statute, rule or other legal authority entitling him to appear by

telephone as a matter of right at a hearing on dispositive motions, and this court has found none.

Mr. Bruno's recusal motion asserts that this court exhibited bias by permitting the

Receiver to file his own motion for summary judgment after Bruno had filed his, and that

> [a]lthough, courts and judges make exceptions of personal appearance under
> special circumstances all the time, Judge Jenkins, again, showed prejudice and
> bias by demanding that Mr. Bruno appear personally before the court in spite of
> the financial hardship that would make it impossible for Mr. Bruno to appear in
> person . . . .[5]

Mr. Bruno also asserts that "Judge Jenkins said, at the scheduled telephonic hearing of August 2,

2013, that Mr. Bruno could file a Motion for a telephonic hearing for summary judgment, Judge

Jenkins's words were insincere and pretentious, knowing he would automatically deny such a

---

[3](*See* Order, filed September 23, 2013 (CM/ECF No. 52).)

[4](Request to Appear via Telephonically, filed on September 10, 2013 (CM/ECF No. 46), at [3].)

[5]("Motion for Judge Jenkins to Recuse/Disqualify Himself from Ruling on Summary Judgment of Nunzio Bruno Due to Self Servinf Receiver Appointment and the Appearane of Bias and Prejudice by Abuse of Descretion and Affidavit of Disqualification," filed October 7, 2013 (CM/ECF No. 55), at [4].)

Motion without compassioned consideration."[6]

In fact, at the August 2nd summary judgment hearing at which Mr. Bruno attempted to

appear by telephone, this court clearly indicated otherwise:

> THE COURT: Yes. Mr. Bruno, you didn't make arrangements to proceed in this matter by telephone.
>
> MR. BRUNO: I believe your Honor granted me the permission from the point to go --
>
> THE COURT: No, I allowed you to appear at the scheduling hearings but not the substantive hearings.  Now if you're going to be serious about your positions, you need to make an appearance in court.  When can you arrange to do that?
>
> MR. BRUNO: I honestly don't know, Your Honor.
> * * * *
> THE COURT: Well, I'll continue the matter and you can make your arrangements as best you can.
>
> MR. BRUNO: Okay.[7]

This court made it clear at the August 2nd hearing that "I don't conduct substantive matters by

telephone," which Mr. Bruno acknowledged at that time.[8]

Mr. Bruno's assertions allege nothing in terms of extrinsic bias or prejudice, and plainly

do not satisfy the standards for judicial recusal under 28 U.S.C. § 455.

Therefore,

**IT IS HEREBY ORDERED** that Mr. Bruno's "Motion for Reconsideration to Appear

via Telephonically" (CM/ECF No. 54), and "Motion for Judge Jenkins to Recuse/Disqualify

---

[6](*Id.* at 5.)

[7](Transcript of Hearing, dated August 2, 2013, at 3:13-4:2.)

[8](*Id.* at 4:17-24.)

Himself from Ruling on Summary Judgment of Nunzio Bruno Due to Self Servinf Receiver

Appointment and the Appearane of Bias and Prejudice by Abuse of Descretion and Affidavit of

Disqualification" (CM/ECF No. 55) are DENIED in all respects.


DATED this ⸏ day of November, 2013.


                                        BY THE COURT:


                                        _____
                                        BRUCE S. JENKINS
                                        United States Senior District Judge