MANNING CURTIS BRADSHAW
  & BEDNAR LLC
David C. Castleberry [11531]
dcastleberry@mc2b.com
Christopher M. Glauser [12101]
cglauser@mc2b.com
136 East South Temple, Suite 1300
Salt Lake City, UT 84111
Telephone (801) 363-5678
Facsimile (801) 364-5678

*Attorneys for Plaintiff R. WAYNE KLEIN, the
Court-Appointed Receiver of U.S. Ventures, LC,
Winsome Investment Trust, and the assets of Robert
J. Andres and Robert L. Holloway*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>vs.<br><br>NUNZIO BRUNO,<br><br>Defendant. | FINDINGS OF FACT & CONCLUSIONS OF LAW AND ORDER<br><br>Case No. 2:12-cv-00058-BSJ<br><br>Judge Bruce S. Jenkins |

This matter came before the Court on cross motions for summary judgment filed by the Plaintiff R. Wayne Klein, court-appointed receiver for US Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway (the "Receiver"), doc. no. 39, and by the Defendant Nunzio Bruno (the "Defendant"), doc. no. 34.

A hearing on the competing motions for summary judgment was held on October 7, 2013 before the Honorable Judge Bruce S. Jenkins.  David C. Castleberry appeared for the Receiver.

Defendant, who is not represented by counsel, did not appear at the hearing, and his request to appear telephonically at the hearing set for October 7, 2013 was previously denied, doc. no. 52.

At the hearing in this matter, counsel for the Receiver informed the Court that Defendant had sent an email to Receiver's counsel on Saturday, October 5, 2013, informing Receiver's counsel that the Defendant had apparently filed two new motions with the Court. The email, facsimile, or follow up email sent to Receiver's counsel by Defendant on Saturday, October 5, 2013 did not provide a copy of the two motions, and the Court and counsel for the Receiver had not received copies of Defendant's newly filed motions by the date and time of the hearing.

With the material facts not in dispute, this action is ripe for summary judgment on the merits. Notwithstanding the Defendant's failure to appear, the Court held a hearing on the merits of the competing motions for summary judgment, and enters the following findings of fact and conclusions of law as set forth below.

## FINDINGS OF FACT

1. The Defendant has not disputed any of the material facts identified by the Receiver, and, as a result, the Court will take them as true.

2. The Receiver was appointed as receiver for US Ventures LC ("US Ventures"), Winsome Investment Trust ("Winsome"), and the assets of Robert J. Andres and Robert L. Holloway on January 25, 2011 in connection with an action filed by the Commodity Futures Trading Commission (the "CFTC") against the Receivership Entities in the United States District Court for the District of Utah, Case No. 2:11CV00099 BSJ ("CFTC Action").

3. Winsome operated as a fraudulent Ponzi scheme before the Receiver's appointment, and was operating as a Ponzi scheme at the time of the transfers at issue.

4. Defendant, who resides in Massachusetts, was an investor in Winsome.

5. Defendant received $203,052.66 more in payments from Winsome than he invested.

6. Specifically, the undisputed evidence shows that Defendant made deposits with Winsome in the amount of $250,000, and that the Defendant received transfers from Winsome in the amount of $453,052.66.

7. The payments from Winsome to Defendant derived from the Ponzi scheme.

8. Defendant provided no value to Winsome for the funds Defendant received from Winsome in excess of his deposits with Winsome.

9. On September 27, 2011, the Receiver filed a Motion for Reappointment of Receiver.

10. One day later, on September 28, 2011, the Court granted that motion and reappointed the Receiver.

11. On October 6, 2011, the Receiver filed a Notice of Receivership with the District of Massachusetts, attaching a copy of the complaint in the CFTC Action as well as the September 28, 2011 Order Reappointing Receiver.

## CONCLUSIONS OF LAW

1.      Winsome made the transfers at issue to the Defendant "with actual intent to hinder, delay, or defraud any creditor of" Winsome, as defined under the Uniform Fraudulent Transfer Act ("UFTA"), because Winsome operated as a Ponzi scheme at the time the transfers were made.   Utah Code § 25-6-5(1)(a).  *See S.E.C. v. Madison Real Estate Group, L.L.C.*, 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) ("Under the UFTA, a debtor's actual intent to hinder, delay, or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme." (quotation omitted)).

2.      Demonstrating that a transfer was received in good faith and for reasonably equivalent value is an affirmative defense to an actual fraudulent transfer, and the burden is on Defendant to prove both the element of good faith and the element of value.  *Wing v. Apex Holding Co.*, 2009 WL 2843343, *5 (D. Utah Aug. 27, 2009) ("whether a defendant took payments from [the Ponzi scheme receivership entity] in good faith and for reasonably equivalent value is an affirmative defense . . . .").

3.      The good faith and reasonably equivalent value components of this affirmative defense are separate issues that must be independently established by a transferee asserting this defense.

4.      Because the good faith of the Defendant is not at issue for purposes of the cross motions for summary judgment, the pertinent question is whether Winsome received reasonably equivalent value for its payments to Defendant.

5.      This question is answered from the perspective of the tort creditors of Winsome, its defrauded investors.  *In re Jordan*, 392 B.R. 428, 441 (Bankr. D. Idaho 2008) ("Whether a debtor received a reasonably equivalent value is analyzed from the point of view of the debtor's

creditors, because the function of this element is to allow avoidance of only those transfers that result in diminution of a debtor's . . . assets."); *see also Donell v. Kowell*, 533 F.3d 762, 767 (9th Cir. 2008) (explaining that, in a Ponzi scheme, the Ponzi scheme operator is the "debtor," and each good faith investor in the scheme who has not regained his initial investment is a "tort creditor").

6. In other words, the question is not whether Defendant "gave reasonably equivalent value; it is whether [Winsome] *received* reasonably equivalent value." *In re Lucas Dallas, Inc.*, 185 B.R. 801, 807 (9th Cir. 1995).

7. Defendant cannot meet the burden of proving the reasonably equivalent value affirmative defense because he cannot show that Winsome received anything of value in exchange for the transfers to the Defendant in excess of his deposits in Winsome.

8. Therefore, because the transfers at issue were made by Winsome while it operated as a Ponzi scheme, and because Winsome did not receive value from the Defendant in exchange for the amounts he received from Winsome in excess of his deposits in Winsome, the Court holds that judgment against the Defendant for the amounts he received from Winsome in excess of any deposits he made in Winsome is appropriate.

9. A transfer can also be avoided as a constructive fraudulent transfer if (1) "the debtor made the transfer . . . without receiving reasonably equivalent value in exchange" and (2) the transferor could not pay its debts as they became due. Utah Code Ann. § 25-6-5(1)(b).

10. As discussed above, Winsome did not receive reasonably equivalent value in exchange for the transfers at issue in excess of the Defendant's deposits in Winsome.

11. Proof of Winsome operating as a Ponzi scheme also shows that Winsome "intended to incur, or believed or reasonably should have believed that [it] would incur, debts beyond [its] ability to pay as they became due." *Donell v. Kowell*, 533 F.3d at 770.

12. Therefore, the Court holds that the transfers at issue were constructively fraudulent, and judgment against the Defendant and in favor of the Receiver is appropriate.

13. Because the Court finds that transfers may be avoided as actual or constructive fraudulent transfers, the Court declines to decide the issue of whether the Defendant is liable on the unjust enrichment claim made by the Receiver.

14. Defendant contends that the Court does not enjoy personal jurisdiction over him because he argues that the Receiver has failed to comply with 28 U.S.C. § 754. In relevant part, section 754 provides: "Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located." 28 U.S.C. § 754. The "failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district." *Id.*

15. Under 28 U.S.C. § 754, the Receiver was required to file a copy of the complaint and the order appointing him as receiver in the CFTC Action to establish jurisdiction over property located in foreign districts within 10 days of his appointment. 28 U.S.C. § 754.

16. Because a receiver could not know the locations of all receivership property or where all possible defendants resided at the time of the receiver's appointment, courts allow for the reappointment of a receiver to allow him sufficient time to file the notices required under section 754. *See, e.g., S.E.C. v. Vision Commc'ns, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996) ("[T]he court may reappoint the receiver and start the ten-day clock of § 754 ticking once

again."); *Terry v. June*, 2003 WL 22125300, at *4 (W.D. Va. Sept. 12, 2003) ("Courts having addressed the issue unanimously suggest that an order of reappointment will renew the ten-day filing deadline mandated by Section 754" (collecting cases)).  After each reappointment, the "10-day-clock" for making the appropriate filings in other districts under section 754 is "reset." *Warfield v. Arpe*, 2007 WL 549467, at *12 (N.D. Tex. Feb. 22, 2007).

17. The Court initially appointed the Receiver on January 25, 2011.

18. The Receiver moved for reappointment on September 27, 2011, which motion was granted on September 28, 2011.

19. The Receiver filed a Notice of Receivership, including a copy of the complaint and the order of appointment from the CFTC Action, with the District of Massachusetts on October 6, 2011, eight days after his reappointment.

20.  Thus, the Receiver complied with 28 U.S.C. § 754's ten day time period for filing a copy of the complaint and order of appointment inasmuch as Defendant resides in Massachusetts, and the Court enjoys personal jurisdiction over the Defendant in this action.

21. Further, the Defendant filed an answer in this case on October 1, 2012, doc. no. 7, without raising the defense of lack of personal jurisdiction, and, as a result, he waived any defense in this case based on lack of personal jurisdiction.  *See* Fed.R.Civ.P. 12(h).

Therefore,

IT IS ORDERED that the Motion for Summary Judgment filed by the Receiver is GRANTED, and the Motion for Summary Judgment filed by the Defendant is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED this 25 day of November, 2013.

BY THE COURT:

_____
Judge Bruce S. Jenkins
U.S. Senior District Judge

Approved as to form:

MANNING CURTIS BRADSHAW
& BEDNAR LLC

/s/ David C. Castleberry
David C. Castleberry
Christopher M. Glauser
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing PROPOSD **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT** to be served in the method indicated below this 15th day of October, 2013, addressed as follows.

```
___HAND DELIVERY           Nunzio Bruno, Pro Se
_x_U.S. MAIL               21 Sylvan Street
___OVERNIGHT MAIL          Springfield, MA 01108
___FAX TRANSMISSION        bnbc@comcast.net
_x_E-MAIL TRANSMISSION
___USDC ECF NOTICE
```

/s/ David C. Castleberry